IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILMER J. KNIGHT,**

Plaintiff,

v.                                                                                             Civil Action No. **3:10CV128**

**LORETTA K. KELLY,**

Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983 against the Warden of Sussex I State Prison ("Sussex I"). Plaintiff's complaint arises out of the allegation that he did not receive the Eid-Al-Adha[1] festival tray at the conclusion of Ramadan in 2009 while he was incarcerated at Sussex I. Defendant filed a motion for summary judgment (Docket No. 18), providing Plaintiff with appropriate *Roseboro*[2] notice. Plaintiff did not respond. The matter is now ripe for disposition.

### I. SUMMARY OF ALLEGATIONS

On February 26, 2010, the Court received Plaintiff's complaint. The bulk of Plaintiff's complaint is merely a list of statutes, a summary of laws, and an assertion of the sincerity of Plaintiff's adherence to the Sunni Muslim religion. Plaintiff, however, alleges that Warden Kelly

---

[1] "Eid al-Adha is a religious festival celebrated by Muslims worldwide as a commemoration of Ibrahim's (Abraham's) willingness to sacrifice his son, Ismael, for Allah." *Grate v. Huffman*, No. 7:07-cv-00449, 2007 WL 3275151, at *4 n.6 (W.D. Va. Nov. 5, 2007) (citations omitted).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

violated the First Amendment[3] and the Religious Land Use and Institutionalized Persons Act[4] ("RLUIPA") by denying Plaintiff the Eid-Al-Adha festival tray in November 2009. Plaintiff is suing Defendant in her official capacity. Plaintiff seeks an award of $50,000.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)). In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d

---

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[4] RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability." 42 U.S.C. § 2000cc-1(a).

832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (*quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

Defendant, in support of her motion for summary judgment, includes an affidavit, a list of approved Ramadan participants, a copy of the relevant portion of Sussex I's food service manual, and other documents. Plaintiff, however, has produced no competent evidence. Plaintiff's complaint is unsworn. He attaches a host of documents to his complaint which, although he does not attempt to authenticate any of them, appear to suggest that he is a Sunni Muslim and that he has exhausted his administrative remedies. Plaintiff did not respond to Defendant's motion for summary judgment. Plaintiff has submitted no admissible evidence in support of his allegation that he did not receive the Eid-Al-Adha meal.

When a plaintiff fails "to file counter-affidavits or other responsive material [after being] alerted to the fact that his failure to so respond might result in the entry of summary judgment against him," it may be proper to proceed with summary judgment. *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Accordingly, the Court will treat Defendant's motion as unopposed, while recognizing that a motion "will not be granted automatically simply because [it is unopposed]." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1190 (3d ed. West 2010). Plaintiff's failure to respond to the summary judgment motion "'does not fulfill the burdens imposed on moving parties by Rule 56,' and [Defendant] must demonstrate that [she] is entitled to judgment as a matter of law." *Consumers Union of U.S., Inc. v. Consumerreport.com*, No. 1:10cv268

(LMB/TCB), 2010 WL 5186405, at *2 (E.D. Va. Dec. 6, 2010) (*quoting Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

## III. SUMMARY OF UNDISPUTED FACTS

The undisputed facts in accordance with Local Civil Rule 56(B) are as follows.[5] Plaintiff is incarcerated at Sussex I. The prison has Plaintiff categorized as a Sunni Muslim. (Br. Supp. Mot. Summ. J. Ex. 1 ("Kelly Aff.") Encl. A.) The Muslim feast of Eid-Al-Adha occurred on November 27, 2009 for Sunni Muslims. (Kelly Aff. Encl. B, at 2.) Eid-Al-Adha "is a required holiday approximately 70 days after the end of Ramadan and is permitted for offenders participating in Observance of Ramadan." (Kelly Aff. Encl. C, at 7.) The holiday includes "a special meal which will be served on that day." (Kelly Aff. Encl. C, at 7.) According to the prison food service manual, at the direction of "the Director of Food Services, the feast meal may be served to the entire offender population." (Kelly Aff. Encl. C, at 7.)

In 2009, the Eid-Al-Adha meal was "served to the entire population at Sussex I." (Kelly Aff. ¶ 5.) "There was not a different meal served for the Ramadan participants." (Kelly Aff. ¶ 5.) Accordingly, Plaintiff received the Eid-Al-Adha tray. (Kelly Aff. ¶¶ 4-5.)

---

[5] Local Civil Rule 56(B) provides that "the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such fact is controverted in the statement of genuine issues filed in opposition to the motion" in determining a motion for summary judgment. E.D. Va. Loc. Civ. R. 56(B). Plaintiff did not oppose Defendant's motion for summary judgment. *See Martinez v. Res. Bank, FSB*, No. 1:09cv1112 (JCC/TCB), 2010 WL 1375232, at *2 n.3 (E.D. Va. Apr. 1, 2010); Fed. R. Civ. P. 56(e) & cmt. (West 2011). The 2010 amendments to the Federal Rules of Civil Procedure apply to this case. *See Sinclair v. Mobile 360, Inc.*, Nos. 09-1188, 09-1189, 2011 WL 733180, at *4 (4th Cir. Mar. 3, 2011).

## IV. ANALYSIS

### A. Defendant Sued in Official Capacity

As an initial matter, the Court notes that Plaintiff has sued Defendant only in her official capacity. "Because the real party in interest in an official-capacity suit is the government entity and not the named official, 'the entity's policy or custom must have played a part in the violation of federal law.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (*quoting Kentucky v. Graham*, 473 U.S. 159, 166 (1985)) (some internal quotation marks omitted). Governmental liability arises in four possible ways: (1) "through an express policy;" (2) through the decisions of a person authorized to make final policy; (3) "through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens;'" or (4) "through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (alteration in original) (*quoting Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)).

Plaintiff appears to allege that Defendant issued an express policy to deny Sunni Muslims the Eid-Al-Adha meal. Defendant, however, provided the policy that Sussex I follows. That policy clearly provides for Sunni Muslims to receive the Eid-Al-Adha meal. Plaintiff has not produced any admissible evidence to suggest that this policy, or any other policy, violates Plaintiff's rights. Accordingly, Plaintiff's claims against Defendant in her official capacity will be DISMISSED. Nevertheless, because the Court construes Plaintiff's *pro se* complaint liberally, the Court will continue to analyze a suit against Defendant Kelly in her individual capacity as well.

### B. Plaintiff's Claim Lacks Merit

The evidence Defendant submitted, including a list of Sunni Muslims at Sussex I, contemporaneous emails regarding service of the Eid-Al-Adha meal in November 2009, and a copy of the relevant portion of Sussex I's Food Service Manual, demonstrates that Plaintiff's claim lacks merit. The evidence tends to show that all prisoners were served the Eid-Al-Adha meal on November 27, 2009 and that Plaintiff was a prisoner at that time. It follows, then, that Plaintiff received the Eid-Al-Adha meal. This admissible evidence in the record, coupled with the fact that Plaintiff has not responded to Defendant's motion for summary judgment, demonstrates "that there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Plaintiff is suing under the Free Exercise and Establishment Clauses of the First Amendment, as well as RLUIPA. Because the Court determines that Plaintiff's right to receive the Eid-Al-Adha tray was not infringed, he fails to demonstrate any violations of his rights under either the First Amendment or RLUIPA.

### V. CONCLUSION

Because Plaintiff's claims lack factual merit, Defendant's motion for summary judgment (Docket No. 18) will be GRANTED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 7/14/11
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge